OPINION
{¶ 1} Plaintiff, Eugene Collins, appeals from a judgment of the court of common pleas that dismissed his claims for relief upon a motion filed pursuant to Civ.R. 12(B)(6) by Defendant, National City Bank ("National City").
{¶ 2} National City was the depository of monies held by Dayton Title Agency, Inc., ("DTA") in an escrow account. DTA deposited several checks in the account that had been forged by a real estate broker, and then directed National City to issue two checks drawn on the escrow account on the provisional credit of those forged checks. Shortly after National City had issued and honored the two DTA checks, it learned that the checks deposited by DTA were forged. By that time, DTA's escrow account had been drained of funds. The account contained funds owed by DTA to Plaintiff Collins that were generated by a sale of real property.
{¶ 3} DTA filed its petition in bankruptcy. Collins and a number of other persons who suffered similar losses were unable to recover on their claims in the bankruptcy proceeding. On March 30, 2001, Collins filed a class action seeking to recover those funds from National City.
{¶ 4} The complaint Collins filed contains eighty-five separate paragraphs alleging matters of law and/or fact which set out the following eleven separate claims for relief: breach of fiduciary duty, fraudulent transfer, conversion, negligence/recklessness, civil conspiracy, civil aiding and abetting, interference with business relationship and contract, common law fraud, civil RICO, violations of R.C. 1127.01 and R.C. 1127.08 with respect to banking activities, and a violation of R.C.2307.60.
{¶ 5} National City filed no responsive pleading, and instead filed two motions. One motion asked the court to dismiss all of Collins' claims for relief pursuant to Civ.R. 12(B)(6). The other motion asked the court to strike Collins' pleadings.
{¶ 6} On March 26, 2003, the court dismissed Collins' claims pursuant to Civ.R. 12(B)(6). Collins filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
{¶ 7} "The trial court erred in dismissing the complaint for failure to state a claim for relief under Ohio R.Civ.P.12(B)(6) when there is a set of facts, consistent with the complaint which entitle plaintiff to relief."
{¶ 8} Civ.R. 12(B)(6) permits the court, upon the motion of an adverse party, to dismiss a claim or claims for relief for failure to state a claim upon which relief may be granted. The motion necessarily asserts that the pleader has failed to plead the operative grounds constituting a claim. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190. The motion may be granted only when from the face of the pleadings in a complaint the court "finds beyond doubt, — that the plaintiff (can) prove no set of facts in support of his claim that would entitle him to relief." State, ex rel. Midwest Pride IV, Inc. v.Pontious (1996), 75 Ohio St.3d 565, 570. For this purpose, all factual allegations in the complaint are presumed true and all reasonable inferences are made in favor of the nonmovant. Id. When the motion presents matters outside the pleadings, the court must convert it to a Civ.R. 56(C) motion for summary judgment. Civ.R. 12(B).
{¶ 9} The decision whether a Civ.R. 12(B)(6) motion should be granted must be made with reference to the general rules for pleadings in the civil rules. Ohio contemplates use of notice pleading rather than fact pleading. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143. Thus, Civ.R. 8(A) requires a claim for relief only to "contain (1) a short and plain statement showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Reinforcing the brevity requirement, Civ.R. 8(E)(1) states: "Each averment of a pleading shall be simple, concise and direct." The only exceptions are the special matters identified in Civ.R. 9, which must be pleaded with particularity.
{¶ 10} The complaint that Collins filed is not simple, concise and direct. It contains eighty-five paragraphs of extensive and complex allegations of fact and law on which the court could rely to grant or deny National City's Civ.R. 12(B)(6) motion. The court was not required to convert the motion to a Civ.R. 56 motion for summary judgment, because it presented no matters outside the pleadings in Collins' complaint. The court was only required to find, on the basis of the matters of fact and law alleged, and beyond any doubt, that Collins could prove no set of facts in support of his claim that would entitle him to relief. We agree with the trial court that those standards are not satisfied. Accordingly, we will affirm.
{¶ 11} Count I of Collins' complaint alleges that National City owed a fiduciary duty to Collins "to ensure that DTA did not misuse the accounts by continually overdrawing funds on it or otherwise make funds held in the account unavailable to the rightful owners." Complaint, ¶ 38. The trial court found that National City owed no fiduciary duty to Collins. Therefore, it found that Collins had failed to state a claim upon which relief could be granted.
{¶ 12} We agree. "A `fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust."In re Termination ofEmployment (1974), 40 Ohio St.2d 107, 115. A bank owes no fiduciary duty to its own customers "in a commercial context when the parties deal at arm's length."Id. at 287.
{¶ 13} If National City owed no fiduciary duty to its customer, DTA, neither could National City owe a fiduciary duty to Collins, who is not a customer of National City and who had no direct dealings with National City. National City merely acted as DTA's depository institution. Therefore, we cannot find that National City owed any fiduciary duty to Collins. Because National City never entered into a fiduciary relationship with Collins, the trial court was correct in determining that Count I of Collins' complaint failed to state a claim upon which relief could be granted.
{¶ 14} Count II of Collins' complaint alleges that National City "allowed the transfer of the proceeds of the escrow account to another bank with actual or constructive knowledge that the transfer was made by DTA with the intent to hinder, delay, and defraud the Plaintiffs and without receiving a reasonably equivalent value in exchange for the transfer." (Complaint, ¶ 46.) This claim involves DTA's transfer of money from the escrow account to an account it held at another financial institution.
{¶ 15} The trial court found that while the claim employs language used in the Ohio Fraudulent Transfer Act, R.C. 1336.04, the operative facts alleged by Collins cannot amount to a cognizable claim under the statute. Therefore, it found that Collins had failed to state a claim upon which relief could be granted.
{¶ 16} We agree. The Ohio Fraudulent Transfer Act covers claims of actual and constructive fraud against both existing and future creditors. Aristocrat Lakewood Nursing Home v. Mayne (1999),133 Ohio App.3d 651. R.C. 1336.01(L) defines "transfer" as "every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."
{¶ 17} There is no debtor creditor relationship between Collins and National City. Furthermore, there was never a "transfer" of assets or funds as defined by R.C. 1336.01(L). Here, DTA allegedly took funds from its National City account and moved them to another account it held at another financial institution. DTA's movement of money between its own bank accounts is not a R.C. 1336.01 transfer. Accordingly, Collins failed to state a claim upon which relief can be granted. Therefore, the trial court was correct granting National City's Civ. R. 12(B)(6) motion to dismiss Count II of Collins' complaint.
{¶ 18} Count III of Collins' complaint alleges that National City committed conversion by wrongfully exercising control over the funds in the escrow accounts by authorizing withdrawals in excess of the balance of the account, and by wrongfully dishonoring checks presented against the escrow account in order to compensate National City for its losses stemming from a forged uncertified draft. The trial court dismissed this count of the complaint pursuant to Civ. R. 12(B)(6).
{¶ 19} Conversion is defined as any exercise or control wrongfully exerted over the personal property of another in denial of, or under a claim inconsistent with, his rights. Ohio Telephone Equipment Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91.
{¶ 20} The pleadings do not support or claim that National City acted wrongfully. National City simply followed the instructions of its customer DTA, the owner of the account, when it paid checks written against the account which ultimately depleted the account's balance. Further, the funds were in an account owned by DTA, not Collins. Therefore, Collins has no right to bring an action for conversion against National City. Because the complaint fails to state a cognizable claim against National City for conversion, Collins has failed to state a claim upon which relief can be granted. The trial court did not err when it granted National City's motion to dismiss Count III.
{¶ 21} Count IV of Collins' complaint alleges that National City was negligent or reckless in violating its duty to Collins to "ensure that DTA did not misuse the account by continually overdrawing funds on it or otherwise make [the] funds held in the account unavailable to the rightful owners." (Complaint, ¶ 53.)
{¶ 22} The elements of a negligence claim are (1) a duty, (2) a breach of that duty and (3) damages proximately caused by that breach.Crane v. Lakewood Hospital (1995), 103 App.3d 129.
{¶ 23} The trial court found that Collins failed to state a claim upon which relief could be granted because National City owed no duty to Collins. We agree. If any such duty ran to Collins' benefit, it was owed by DTA, not National City. Furthermore, the Uniform Fiduciaries Act ("UFA"), codified at R.C. 1339 et seq., shields National City from Collins' claim. The UFA "was developed to facilitate commercial transactions, by relieving those who deal with authorized fiduciaries from the duty of ensuring that entrusted funds are properly utilized for the benefit of the principal by the fiduciary." Master Chem. Corp. v.Inkrott (1990), 55 Ohio St.3d 23, 26.
{¶ 24} R.C. 1339.08 states:
{¶ 25} "If a deposit is made in a bank to the credit of a fiduciary as such, the bank may pay the amount of the deposit or any part thereof upon the check of the fiduciary, signed with the name in which such deposit is entered, without being liable to the principal, unless the bank pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing the check or with knowledge of such facts that its action in paying the check amounts to bad faith."
{¶ 26} Collins does not allege that National City permitted DTA to overdraw the account with actual knowledge that DTA was committing a breach of its obligation as fiduciary in drawing the check, or with actual knowledge that DTA's action in paying the check amounted to bad faith. Accordingly, National City cannot be liable to Collins. Therefore, the trial court was correct in granting National City's Civ. R. 12(B)(6) motion to dismiss Count IV.
{¶ 27} Count V of Collins' complaint alleges that National City was involved in a civil conspiracy that caused Collins to suffer extensive financial losses. Collins alleges that National City "act[ed] independently to join DTA and/or other yet identified persons or entities to commit unlawful acts in tort and other unlawful acts, as pled herein." (Complaint, ¶ 58.)
{¶ 28} Civil conspiracy is defined as a malicious combination of two or more persons to injure another in person or property, resulting in damages. Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415. An underlying unlawful act is required before a civil conspiracy claim can succeed. Williams v. Aetna Finance Co. (1998), 83 Ohio St.3d 464.
{¶ 29} The trial court found that Collins failed to state a claim upon which relief could be granted because none of the operative facts alleged in the complaint, even if true, support the assertion that National City conspired with DTA and/or other unidentified persons or entities to commit unlawful acts. We agree.
{¶ 30} A claim of civil conspiracy rests upon an actual agreement to participate in a wrongful activity. Williams, supra. Collins' complaint alleges no operative facts constituting an agreement between National City, DTA and/or others to participate in such activity. Therefore, the trial court was correct in granting National City's 12(B)(6) motion with respect to Count V of Collins' complaint.
{¶ 31} Count VI alleges that National City "gave substantial assistance to DTA in defrauding the Plaintiffs out of their money by knowingly enabling the over-drafting of the [escrow] accounts to continue as well as knowingly enabling DTA to transfer funds from the [escrow] accounts to another banking institution." (Complaint, ¶ 65.)
{¶ 32} The trial court dismissed this claim on a finding that Ohio does not recognize a claim for aiding and abetting common law fraud. One who engages in any way in fraudulent behavior is liable for fraud itself, not as an aider and abetter to fraud. Federated Management Co.v. Cooper Lybrands (2002), 137 Ohio App.3d 366. The court correctly held that aiding and abetting common law fraud is not cognizable in law. Accordingly, the trial court was correct in finding that Count VI of Collins' complaint failed to state a claim upon which relief could be granted.
{¶ 33} Count VII of Collins' complaint alleges that National City had actual or constructive knowledge that the funds deposited in DTA's account were to be used for business activities. (Complaint, ¶ 69.) Collins also alleges that National City's actions "caused the Plaintiffs to breach their contracts with third parties and significantly hindered their business relationships with the same third parties." (Complaint, ¶ 70.)
{¶ 34} The trial court found that Collins failed to state a claim upon which relief could be granted because the complaint failed to address all of the elements necessary in an intentional interference with a contract claim. We agree.
{¶ 35} One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person to not perform the contract is liable to the other for the pecuniary loss resulting from the third person's failure to perform the contract. "In order to recover for a claim of intentional interference with a contract, one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." Kenty v.Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, at syllabus.
{¶ 36} Even assuming that all of the operative facts alleged in the complaint are true, none of those support the assertion that National City intentionally and improperly interfered with the performance of a contract between another and a third person by causing the third person to breach the contract. Moreover, the complaint contains no allegations that National City acted in any manner that was contrary to its banking relationship with DTA. Accordingly, the trial court was correct in granting National City's 12(B)(6) motion to dismiss Count VII.
{¶ 37} Count VIII of Collins' complaint alleges that National City "committed material misrepresentations by its act, deed, and duty that [it] would hold the funds in the DTA [escrow] account until directed by the rightful owners, the Plaintiffs, to pay the funds to the proper payees." Complaint, ¶ 74.
{¶ 38} The trial court dismissed this claim pursuant to Civ. R. 12(B)(6) because the averments in the complaint failed to state a cognizable claim for fraud and the claim was not pled with particularity. We agree.
{¶ 39} A case for common law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Cohen v. Lamko, Inc. (1984) 10 Ohio St.3d 167. Civ. R. 9(B) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."
{¶ 40} No operative facts alleged in the complaint support the assertion that Collins has a viable claim of fraud against National City. Additionally, Collins failed to plead this complaint with the particularity required by Civ. R. 9(B). The trial court was correct in finding that Count VIII of Collins' complaint failed to state a claim for which relief could be granted.
{¶ 41} Count IX of Collins' complaint alleges that National City violated the Ohio Civil RICO statutes, R.C. 2923.31-R.C. 2923.36. The trial court found that Collins failed to adequately plead this claim.
{¶ 42} The failure of a plaintiff to plead any of the elements necessary to establish a RICO violation results in a defective complaint which cannot withstand a motion to dismiss based upon a failure to state a claim upon which relief can be granted. Universal Coach, Inc. v. NewYork City Transit Auth., Inc. (1993) 90 Ohio App.3d 284. In order to state a claim upon which relief can be granted and further withstand a motion to dismiss, Collins was required to plead specifically that: (1) National City was involved in some "corrupt activity" as defined by R.C.2923.31(I); (2) National City was involved in a pattern of corrupt activity which consisted of two or more incidents of corrupt activity as prohibited by R.C. 2923.31(I); and, (3) that an enterprise existed separate and apart from National City through which National City acted.Id.
{¶ 43} Collins failed to plead these three elements with specificity. Collins' complaint simply states: "Defendant [National City] is an `enterprise' for purposes of Ohio Revised Code 2923.32" and "the actions of Defendant [National City], as pled herein, constituted a pattern of corrupt activity, directly and/or through conspiracy, in violation of Ohio Revised Code 2923.32 and 2923.34." (Complaint, ¶ 76, 77.) Collins failed to plead his claims with proper specificity. Accordingly, the trial court was correct in granting National City's Civ. R. 12(B)(6) motion to dismiss Count IX.
{¶ 44} In Count X, Collins alleges that National City "violated criminal and banking law by purposely certifying a check drawn on the DTA account with knowledge that DTA did not have any amount of money on deposit at least equal to the amount of the check." Complaint, ¶ 81. In paragraph 82 of the complaint, Collins cites R.C. 1127.01 and R.C.1127.08 as the Revised Code sections that National City violated. However, these sections offer Collins no private right of relief against National City. R.C. 1127.08 deals with making or providing false, misleading, forged, or counterfeit statements or documents for the purpose of influencing the actions or decisions of the superintendent of financial institutions. R.C. 1127.01 merely provides examples of actions that may constitute a violation of R.C. 1127.08. Generally, in order for a statute to offer a private right of relief, the statute must say so. Accordingly, the trial court was correct in dismissing Count X for failure to state a claim for which relief could be granted.
{¶ 45} Count XI of Collins' complaint alleges National City violated R.C. 2307.60. Collins alleges "[t]he violation of the aforesaid statutory provisions and other conduct of [National City] constitutes a criminal violation of the law, under both the criminal and banking codes of Ohio, and provides the additional rights to remedy provided pursuant to R.C. 2307.60 (incorporated by reference) to [Collins], including but not limited to compensatory damages, punitive damages, costs and reasonable attorney fees." (Complaint, ¶ 84.)
{¶ 46} The trial court dismissed this claim for failure to state a claim upon which relief can be granted. We agree. R.C 2307.60 creates no actionable prohibition, being only a jurisdictional statute allowing the court to grant relief to persons who are injured by a criminal act. R.C2307.60 is not a substantive provision. It simply provides a civil remedy for victims of certain conduct. Sufficient notice requires operative facts showing what that conduct was. An assertion that there was such conduct is insufficient. Accordingly, the trial court was correct in granting National City's 12(B)(6) motion with respect to Count XII.
{¶ 47} Having found that the trial court was correct in dismissing all eleven of Collins' claims for relief, we must overrule Collins' first assignment of error.
SECOND ASSIGNMENT OF ERROR
{¶ 48} "The trial court erred in dismissing the complaint with prejudice."
{¶ 49} Collins argues that the trial court erred when it dismissed his claims with prejudice. He reads that result into the court's judgment because it is silent in that respect.
{¶ 50} The term "with prejudice" connotes the claim preclusion bar imposed by res judicata, which results from a prior decision on the merits by a court of competent jurisdiction. Grava v. Parkman (1995),73 Ohio St.3d 379. Civ.R. 41(B)(3) provides that, except when the court otherwise specifies, an involuntary dismissal operates as an adjudication on the merits, except those resulting from a failure of jurisdiction or a failure to join a necessary party.
{¶ 51} An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way. Then, the res judicata bar applies not only to the pleadings involved but also, consequently, to the claim or defense presented.
{¶ 52} Here, the trial court's correct disposition of Collins' claims were based on a finding that, as a matter of law, no relief is available to Collins on the claims as he pleaded them. Unless the claims can be pleaded differently, any further pleading of those claims is barred by res judicata.
{¶ 53} Accordingly, Collins' second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
{¶ 54} "The trial court erred in denying plaintiff's motion to amend the complaint."
{¶ 55} Finally, Collins argues that the trial court erred when it failed to allow him to amend his complaint in response to National City's motion to dismiss, arguing that "a substantial amount of additional evidence" was available to prove his claims. (Brief, p. 25).
{¶ 56} A complainant has an absolute right to amend once as a matter of course before a responsive pleading is served. Civ.R. 15(A);Newton v. Jones (1984), 13 Ohio App.3d 449. A Civ.R. 12(B) motion is not a responsive pleading, and it therefore has no effect on a plaintiff's Civ.R. 15(A) right to amend. State ex rel. Hanson v. Guernsey County Bd.of Comm'rs (1993), 65 Ohio St.3d 545.
{¶ 57} Collins could have amended, without leave of court, but he didn't. Indeed, he made no form of motion to amend, as such, and instead raised the prospect as a possible cure for the pleading defects in his complaint that National City had alleged. See Plaintiff's Memorandum inOpposition to Defendant's Motion to Dismiss, Strike and Request forSanctions, at 6.
{¶ 58} Collins argues that he could have cured any defects in his complaint by further evidentiary pleadings. However, Civ.R. 8(A) doesn't contemplate evidentiary pleading. It requires only fair notice. Collins' complaint doesn't fail for lack of notice. It fails because the matters of fact and law alleged fail to state claims for which the law affords relief. That defect is not avoided by prolixity.
{¶ 59} Having overruled all three of Collins' assignments of error, we will affirm the decision of the trial court.
Wolff, J. and Young, J., concur.