OPINION
{¶ 1} Plaintiff-appellant John Scaccia filed a seventy-page complaint against the City o Dayton and other individuals. The defendants-appellees filed a motion to strike the complaint, which *Page 2 
complaint, which was granted. Thereafter, Scaccia filed a fifty-page amended complaint. The City again sought to strike the complaint, and also to dismiss the action. The trial court granted the motion to dismiss.
 {¶ 2} Scaccia contends that the trial court abused its discretion by denying his request for a extension of time to respond to the first motion to strike. He further claims that the trial court abuse its discretion by striking his original complaint and requiring him to file an amended complain Finally, Scaccia contends that the trial court abused its discretion by dismissing his action.
 {¶ 3} We conclude that the trial court did not abuse its discretion in this matter Consequently, the judgment of the trial court is Affirmed.
 I {¶ 4} John Scaccia served as a prosecutor for the City of Dayton during the 1990's. At som point in 1998, he sought appointment as the City Law Director. However, the position was filled b another candidate and Scaccia was allegedly re-assigned to another division of the City's lega department. His employment with the City was terminated in 2001.
 {¶ 5} On March 21, 2005, John Scaccia filed a complaint against the City of Dayton and si City employees (hereinafter "the City"). The 70-page complaint contained 548 paragraphs an stated nineteen separate causes of action, including claims for discrimination, wrongful discharge theft, conversion of property, fraud, retaliation, defamation, tortious interference, intentional inflictio of emotional distress, civil conspiracy, failure to properly supervise, breach of contract, estoppel an *Page 3 
properly supervise, breach of contract, estoppel and bad faith. [1]
 {¶ 6} The City filed a motion to strike portions of the complaint on that basis that it violate Civ.R. 8(A) and 12(F). The motion noted that the complaint made reference to a domestic violenc incident involving one of the defendants that had no bearing on the subject suit. The motion als noted that the complaint made allegations regarding individuals not involved in the lawsuit.
 {¶ 7} On May 31, 2005, Scaccia filed a motion seeking an extension of time for filing response. He filed another motion for extension on June 30. On July 6, 2005, the trial court entere an order denying the June motion for extension. The order further indicated that the motion to strik was deemed submitted. On July 11, Scaccia filed a motion seeking a reconsideration of the decisio to deny his request for a second extension. The following day, the trial court entered an orde granting the motion to strike. The trial court's order required Scaccia to file an amended complaint b August 1. Upon Scaccias's motion, the trial court extended the filing date for the amended complain to August 15.
 {¶ 8} Scaccia filed his amended complaint on August 15. The amended complaint wa shortened to 50 pages, 440 paragraphs, and eighteen causes of action. The defendants again filed motion to strike. The motion also sought sanctions against Scaccia as well as dismissal of the action Thereafter, Scaccia filed four motions seeking extensions of time to respond to the motion to strike Scaccia's response was filed on November 11, 2005. Thereafter, on February 7, 2006, the trial cour entered an order dismissing Scaccia's action. The issue of sanctions was set for hearing. *Page 4 
The issue of sanctions was set for hearing.
 {¶ 9} Scaccia appeals from the trial court's July 6, 2005 order denying his second request fo an extension. He also appeals from the July 12 order granting the City's motion to strike an ordering Scaccia to file an amended complaint. Finally, Scaccia appeals from the February 7, 200 order dismissing his action.
 II {¶ 10} Scaccia's First Assignment of Error states as follows:
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION AND DENIE PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE IN THIS MATTER."[2]
 {¶ 12} Scaccia contends that the trial court should have granted his second request for a extension of time to file a response to the original motion to strike. In support, he claims that th extension was warranted due to the complexity of the case. He further argues that there had onl been one prior extension and he had "alerted the court to the reasons why he needed an extension.
 {¶ 13} Civ.R. 6(B) gives trial courts discretion to grant extensions of time to respond t pleadings. Absent an abuse of that discretion, the decision of the trial court to grant or to deny a extension will not be disturbed. Marion Production Credit Ass'n v. Cochran (1988),40 Ohio St. 3 265, 271. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, o unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. *Page 5 
217.
 {¶ 14} In its order denying the requested extension, the trial court explained it decision, statin in part:
 {¶ 15} "On May 24, [Scaccia] moved for an extension of time to respond to the Motion t Strike; the [City] `consented to this extension of time.' Now before the Court is [Scaccia's] June 2 Motion for Extension of Time. There is no consent from the [City] and no memorandum, but rathe the statement that the extension is needed `due to counsel's schedule in other cases and th complexity of the [City's] motion. * * * There is nothing complex about [the City's] motion; it is almos identical to the [City's] motion [in the prior action]. Further, without a memorandum or some facts the bald reference by [Scaccia] to `counsel's schedule' cannot be given much weight."
 {¶ 16} Based upon our review of the record, we do not conclude that the trial court abused it discretion by denying the second extension request. First, as noted by the trial court in its order Scaccia failed to comply with Local Rule 2.05 of the Montgomery County Common Pleas Cour which requires the submission of a "brief written memorandum" along with the motion. Second, a the point that the motion for extension was denied, Scaccia had been allowed two months in which t file a response, and had failed to do so. Scaccia's First Assignment of Error is overruled.
 III {¶ 17} Scaccia's Second Assignment of Error provides:
 {¶ 18} "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION AND ORDERE THE PLAINTIFFS TO STRIKE PORTIONS OF THEIR COMPLAINT AND REFILE AN AMENDE *Page 6 
AN AMENDED COMPLAINT."
 {¶ 19} Scaccia claims that the trial court also erred by granting the motion to strike hi complaint and ordering him to file an amended complaint. His argument in support is two-fold. Firs he argues that, given the nature of the action, the complaint was as compact as possible given th nature of the action. Second, he claims that the trial court abused its discretion when it "struck th complaint in its entirety, rather than the portions it considered to be in violation of the rules."
 {¶ 20} Of relevance to this issue are the provisions of Civ.R. 8(A), 8(E) and 12(F). Civ.R. 8(A provides that a "pleading which sets forth a claim for relief * * * shall contain (1) a short and plai statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment fo the relief to which he deems himself entitled. Relief in the alternative or of several different types ma be demanded." "The purpose of Civ.R. 8(A) is to provide the adverse party with notice of the claim and the grounds upon which it was based." Walton v.Beck (Nov. 27,1990), Wyandot App. No. 16 89-15. "However, Civ.R. 8(A) does not contemplate evidentiary pleading." Collins v. National CitBank, Montgomery App. No. 19884, 2003-Ohio-6893, ¶ 58. Civ.R. 8(E)(1) provides that "eac averment of a pleading shall be simple, concise and direct." Civ. R. 12(F) provides that a trial cour may "order stricken from any pleading any insufficient claim or defense or any redundant, immateria impertinent, or scandalous matter."
 {¶ 21} We have reviewed the first complaint, and agree with the trial court that it failed to se forth a short and plain statement showing that Scaccia was entitled to relief. For example, at on point in the complaint, Scaccia devotes five paragraphs to describing his qualifications fo employment rather than merely averring that he was qualified for the position he sought. In anothe *Page 7 
he sought. In another portion of the complaint, Scaccia devotes approximately twenty paragraphs t describing the birth of his child and the City's failure to provide him with appropriate leave rather tha merely stating that the City acted inappropriately by denying the leave. These are merely tw examples of page after page of tedious detail of numerous events that could, and should, have bee distilled into a more concise statement.
 {¶ 22} In a different vein, as noted by the City, many of Scaccia's allegations appear irrelevan to the action, and seem to be in the nature of personal attacks. For example, he alleges that th "administrative aid[e]" of a former Dayton mayor was given a "special, noncompetitive grant packag in excess of $2,500 for the purchase of his home." Neither the aide nor the mayor are parties to th lawsuit. Scaccia also alleged that a city commissioner was involved in an automobile accident fo which he was not cited, despite being at fault. There are also numerous allegations of wrongdoing o the part of individuals who are either not involved in the suit or whose alleged actions have n bearing on the case at hand. The complaint also refers to a "clique," as well as to "graft, corruption nepotism and cronyism."
 {¶ 23} This complaint does not constitute a short and plain statement of Scaccia's claims fo relief. We agree with the trial court that the complaint contains numerous redundancies an irrelevant allegations. Therefore, we conclude that the trial court did not err in granting the motion t strike and requiring Scaccia to file an amended complaint. Furthermore, given that the vast majorit of the complaint appears superfluous and irrelevant, we do not fault the trial court for striking it in it entirety, as opposed to taking the trouble to cull out the few portions that were salvageable.
 {¶ 24} Scaccia's Second Assignment of Error is overruled. *Page 8 
 IV {¶ 25} Scaccia's Third Assignment of Error states:
 {¶ 26} "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION WHEN I GRANTED THE DEFENDANTS' MOTION AND DISMISSED THE PLAINTIFFS' CLAIM WIT PREJUDICE."
 {¶ 27} Scaccia argues that the trial court should not have dismissed his complaint.
 {¶ 28} Pursuant to Civ. R. 41, a trial court may dismiss an action for failure to prosecute wher the plaintiff fails to comply with the Civil Rules or court orders. In this case, Scaccia failed to compl with the trial court order mandating conformity with the provisions of Civ.R. 8 and 12.
 {¶ 29} While Scaccia's amended complaint contained fewer pages and paragraphs than th original, we find no abuse of discretion in the trial court's decision to dismiss. A comparison of th two complaints reveals that Scaccia did not amend his complaint so much as alter its appearance Specifically, he used a smaller font size for the amended complaint, which accounts for the fact that contained fewer pages than the original. Additionally, he merely re-numbered and combined a larg number of the paragraphs contained within the original complaint, without changing their conten While Scaccia did remove some of the paragraphs containing examples of wrongdoing by Cit personnel, the amended complaint still managed to mention the words "clique, graft, corruption nepotism and cronyism." Additionally, he included a paragraph regarding free travel to a Cit employee and to "illegal meetings" held by various City employees. The amended complaint spend numerous paragraphs detailing legal cases that Scaccia had handled for the City. It also sti *Page 9 
paragraphs detailing legal cases that Scaccia had handled for the City. It also still containe seventeen paragraphs devoted to the fact that he was not given leave for the birth of his child.
 {¶ 30} The amended complaint was riddled with the same defects of the original complain Scaccia is, as averred in his complaint, an experienced attorney charged with knowledge of the la and civil rules. It is clear that despite the leniency afforded him by the trial court, Scaccia failed to fil a complaint in conformity with Civ.R. 8(A) and 12(F). It is further clear that he made, at most, cursory attempt to cure the deficiencies in his complaint. Therefore, we conclude that the trial cour did not abuse its discretion when it dismissed the complaint. Scaccia's Third Assignment of Error i overruled.
 V {¶ 31} All of Scaccia's assignments of error having been overruled, the judgment of the tria court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
John J. Scaccia
Neil F. Freund
Leonard J. Bazelak
Hon. Dennis J. Langer
[1] As noted during oral argument, Scaccia had previously filed a complaint with regard to this action in a different case in the Montgomery County Court of Common Pleas. He was ordered to amend that complaint for failing to comply with Civ.R. 8(A) and 12(F). However, Scaccia voluntarily dismissed that action without filing an amended complaint.
[2] Throughout his appellate brief, Scaccia refers to plaintiffs to the action. However, we note that he is the sole plaintiff in the action.