[Cite as *Hutcheson v. Ohio Auto. Dealers Assn.*, 2012-Ohio-3685.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97394

## LAURA HUTCHESON

PLAINTIFF-APPELLANT

vs.

## OHIO AUTOMOBILE DEALERS ASSOCIATION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-711148

**BEFORE:**   Keough, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   August 16, 2012

**ATTORNEYS FOR APPELLANT**

Michael W. Hogan
Michael W. Hogan, Esq., LLC
12000 Edgewater Drive
Suite 1004
Lakewood, OH 44107

Thomas J. Misny
Thomas J. Misny, M.D., Inc.
7319 Eagle Road
Waite Hill, OH 44094


**ATTORNEYS FOR APPELLEES**

**For Ohio Automobile Dealers Association**

Robert A. Zimmerman
Benesch Friedlander Coplan & Aronoff
200 Public Square
Suite 2300
Cleveland, OH 44114

Marc S. Blubaugh
Ryan P. Hatch
John F. Stock
Benesch Friedlander Coplan & Aronoff
41 S. High Street, 26th Floor
Columbus, OH 43215

**For Halleen Chevrolet, Inc.**

Harold A. Tipping
Christopher A. Tipping
Stark & Knoll Co., LPA
3475 Ridgewood Road
Akron, OH 44333

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Laura Hutcheson ("Hutcheson"), appeals various decisions by the trial court in favor of defendants-appellees, Ohio Automobile Dealers Association ("OADA") and Halleen Chevrolet, Inc. ("Halleen") (collectively "appellees"). For the reasons that follow, we affirm.

## I. Facts

{¶2} The facts in this case arise out of the sale of a motor vehicle. In March 2009, Hutcheson purchased a 2009 Chevy Cobalt from Halleen. As part of the transaction, she signed a "Sales Order" and a "Motor Vehicle Purchase Contract." The Sales Order specifically listed the purchase price, trade allowance, manufacturer incentives, sales tax, and all the fees, charges, and expenses, including a "documentary fee" in the amount of $250.

## II. Procedural History

{¶3} In November 2009, Hutcheson filed a class action lawsuit against the OADA in Cuyahoga County Common Pleas Court alleging that Halleen's assessment of the $250 documentary fee was unlawful and that the OADA conspired with its member dealers, including Halleen, to defraud customers, including Hutcheson, by unlawfully assessing an additional "doc fee" to the purchase price of a motor vehicle. In February 2010, the OADA filed a notice of removal, thereby removing the case to federal court. While the case was pending in federal court, Hutcheson sought and received leave to amend her

complaint to eliminate any federal claims.   Thus, in March 2010, the case was remanded to the Cuyahoga County Court of Common Pleas.

{¶4} On remand, Hutcheson sought leave to file a second amended complaint, which the trial court granted on April 21, 2010.   The second amended complaint added Halleen as a defendant to the action.   In Counts 1, 5, and 6, of the second amended complaint, Hutcheson asserted claims for violations of the Ohio Consumer Sales Practices Act (R.C. 1345.01 et seq.) and/or Deceptive Trade Practices (R.C. 4165.01 et seq.), Count 2 alleged anti-trust violations under Ohio's Valentine Act (R.C. 1331.01 et seq.), Count 3 alleged fraudulent misrepresentation, Count 4 alleged unjust enrichment, Count 7 alleged overcharging of temporary tag, title, and registration fees, and Counts 8 and 9 alleged civil conspiracy.   As pertinent to this appeal, all counts of the complaint were alleged against Halleen, but only the OADA was subject to Counts 2, 3, 8, and 9.

{¶5} On May 14, 2010, the OADA filed a motion to dismiss pursuant to Civ.R. 12(B)(6) as to Counts 2, 3, 8, and 9 of Hutcheson's second amended complaint. Similarly, in June 2010, Halleen filed its own motion to dismiss and/or for judgment on the pleadings under Civ.R. 12(B)(6) and 12(C) as to all counts in Hutcheson's second amended complaint.   While these motions were pending, Hutcheson obtained a letter dated July 16, 2010 from William A. Riesenberger, counsel for the Sales and Use Division of the Ohio Department of Taxation ("tax letter").   The tax letter purportedly sought to establish that Halleen improperly charged Hutcheson sales tax on the documentary fee when she purchased her vehicle.   After obtaining the letter, Hutcheson

moved for leave to file a sur-reply to Halleen's motion to dismiss seeking to incorporate the letter, which the court denied.

{¶6} In April 2011, nearly a year after the OADA and Halleen filed their respective motions to dismiss, the trial court granted the OADA's motion to dismiss on all counts, and granted Halleen's motion to dismiss on all counts except Count 6, relating to Halleen's arbitration provision.

{¶7} After the trial court ruled on both motions to dismiss, Hutcheson filed a motion for reconsideration and for leave to file a third amended complaint. Hutcheson sought reconsideration of the trial court's order dismissing her complaint, relying on the tax letter from Riesenberger. Hutcheson asserted that the tax letter establishes a claim for relief to survive appellees' motions to dismiss. Additionally, Hutcheson inquired whether the previously granted motions to dismiss were dismissals with or without prejudice. The trial court summarily denied Hutcheson leave to file her third amended complaint, but ordered the parties to brief the issue of whether the dismissals should be with or without prejudice. The trial court ultimately denied Hutcheson's motion for reconsideration and determined that the dismissals in the case were with prejudice. Hutcheson timely appealed.

{¶8} In response to this court's sua sponte order in *Hutcheson v. OADA*, 8th Dist. No. 97252, dismissing the appeal for lack of a final appealable order, Hutcheson moved to amend her complaint for the sole purpose of eliminating Count 6 to create a final appealable order.

**{¶9}** Hutcheson now appeals, raising three assignments of error.

### III. Motion to Amend Complaint

**{¶10}** In her first assignment of error, Hutcheson contends that the trial court erred in denying her motion for leave to file an amended complaint. However, after dissecting her arguments within the assignment of error, we find that she also raises the issue that the trial court erred in issuing the dismissal of her case with prejudice.

**{¶11}** It is well established that a trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Csejpes v. Cleveland Catholic Diocese*, 109 Ohio App.3d 533, 541, 672 N.E.2d 724 (8th Dist.1996), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). To prove an abuse of discretion, Hutcheson must demonstrate more than an error of law and that the trial court's denial of her motion was unreasonable, arbitrary, or unconscionable. *Id.*

**{¶12}** Civ.R. 15(A) allows for amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made. Civ.R. 15(A) expressly provides, "[l]eave of court shall be freely given when justice so requires." The Ohio Supreme Court has held that "[t]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984).

{¶13} In this case, Hutcheson sought leave to file an amended complaint after the trial court issued its written opinion dismissing her complaint pursuant to Civ.R. 12(B)(6) and/or 12(C). She contends that the trial court erred and should have allowed her to amend her complaint because the amended complaint would have contained new material and relevant evidence, information, and judicial precedent, that would have cured any alleged defect in her second amended complaint sufficient to defeat appellees' motions to dismiss.

{¶14} We do not find that the trial court abused its discretion in denying Hutcheson leave to file her third amended complaint because leave was requested with "undue delay," i.e., *after* the trial court granted OADA's Civ.R. 12(B)(6) motion to dismiss and Halleen's motion to dismiss, in part. Further, allowing Hutcheson to amend her complaint would have been prejudicial to both Halleen and the OADA, especially when the "new material and relevant evidence, information, and judicial precedent" was available after the motions to dismiss were filed but before the trial court issued its ruling, approximately one year later. Hutcheson could have moved to amend her complaint prior to the trial court's ruling, but she chose to wait until after the adverse ruling.

{¶15} Accordingly, the trial court did not abuse its discretion in denying Hutcheson leave to amend her complaint.

{¶16} Hutcheson also challenges the trial court's decision to issue the dismissal of her complaint with prejudice. She contends that because she could amend her complaint with "a set of facts" to survive Ohio's notice pleading standard, the dismissal should have

been without prejudice. Furthermore, she contends that a Civ.R. 12(B)(6) dismissal does not adjudicate the merits of the complaint; thus, the trial court's dismissal should have been without prejudice.

{¶17} Civ.R. 12(B)(6) permits the court, upon the motion of an adverse party, to dismiss a claim or claims for relief for failure to state a claim upon which relief may be granted. The motion necessarily asserts that the pleader has failed to plead the operative grounds constituting a claim. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988). The motion may be granted only when from the face of the pleadings in a complaint the court finds beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931. For this purpose, all factual allegations in the complaint are presumed true and all reasonable inferences are made in favor of the nonmovant. *Id*.

{¶18} The decision whether a Civ.R. 12(B)(6) motion should be granted must be made with reference to the general rules for pleadings in the civil rules. *Collins v. Natl. City Bank*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 8. Ohio contemplates use of notice pleading rather than fact pleading. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991). Thus, Civ.R. 8(A) requires a claim for relief only to "contain (1) a short and plain statement showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Except

for special matters identified in Civ.R. 9, which must be pleaded with particularity, "[e]ach averment of a pleading shall be simple, concise and direct." Civ.R. 8(E)(1).

{¶19} In ruling on a Civ.R. 12(B)(6) motion, a court inquires whether the allegations constitute a statement of claim under Civ.R. 8(A). The rule presumes that the trial court reviews the complaint, its allegations, and causes of action. If the complaint can be pleaded in another way, then the trial court should issue the dismissal without prejudice. *See, e.g., Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147 (failure to file Civ.R.10(D)(2) affidavit warrants dismissal without prejudice); *Simpson v. Lakewood*, 8th Dist. No. 82624, 2003-Ohio-4953 (failure to assert any facts in support of prayer for relief warrants dismissal without prejudice). However, dismissal with prejudice is proper if the complaint cannot be plead in another way. *See, e.g., Collins* (facts and law alleged do not state a claim for relief); *Lisboa v. Lisboa*, 8th Dist. No. 95673, 2011-Ohio-351 (unsupported legal conclusions do not state claim for relief); *Kuhar v. Marc Glassman*, 8th Dist. No. 91989, 2009-Ohio-2379 (statute of limitations). Consequently, a ruling on a Civ.R. 12(B)(6) motion can be an adjudication of the merits of the claim. *See* Civ.R. 41(B) (involuntary dismissals other than those on jurisdictional grounds constitute "adjudication[s] on the merits" unless the dismissal order specifies the contrary); *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 14-15.

{¶20} In this assignment of error, Hutcheson does not challenge the trial court's overall decision granting appellees' individual motions to dismiss; rather, she asserts that the trial court should have issued the dismissal without prejudice because she could have pleaded her case in another way.

{¶21} In support of her argument, she relies on the Supreme Court's holding in *Fletcher* that a Civ.R. 12(B)(6) dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits; thus, the dismissal of the complaint is without prejudice. *Fletcher* at ¶ 3, 16-18.

{¶22} Hutcheson also emphasizes the *Fletcher* court's statement that "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Id.* at ¶ 17, citing *Collins*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 51 ("An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way.").

{¶23} Thus, the issue is whether Hutcheson can amend her complaint with a set of facts to survive a Civ.R. 12(B)(6) motion or pleaded her claims in another way. Hutcheson maintains that she could have pled her case "in another way by incorporating and attaching the Ohio Tax Department Letter, by citing and analyzing *Ferrari* [*v. Howard*, 8th Dist. No. 77654, 2002-Ohio-3539], and by restating the second sentence of R.C. 1317.07, which prohibits additional fees." However, this information does not

contain any new facts that would have enabled her to plead her claims "in any other way" under *Fletcher* because the information she sought to use would not have cured the deficiencies in her complaint.

{¶24} Although Hutcheson asserts several "causes of action," the core issue involves the documentary fee — (1) whether it is distinguishable from a "documentary service charge" and (2) whether Ohio law allows such a fee when purchasing a motor vehicle. As we will discuss under Hutcheson's third assignment of error, Ohio law allows automobile dealerships to charge a "documentary service charge" in connection with the purchase of a motor vehicle and Halleen's assessment of the $250 "documentary fee" falls within the purview of Ohio law.

{¶25} The second amended complaint in this case is not simple, concise, and direct as Civ.R. 8 contemplates. It contains over 117 pages, 564 numbered paragraphs, and alleges nine causes of action. As the *Collins* court stated, the plaintiff's "complaint does not fail for lack of notice. It fails because the matters of fact and law alleged fail to state claims for which the law affords relief. The defect is not avoided by prolixity." *Collins*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 58. We find Hutcheson's second amended complaint to be equally deficient.

{¶26} Accordingly, we find that the trial court properly issued the dismissal of Hutcheson's complaint with prejudice.

{¶27} Hutcheson's first assignment of error is overruled.

IV.    Conversion of Civ.R. 12(B)(6) Motions to Dismiss

**{¶28}** In her second assignment of error, Hutcheson contends that the trial court erred in failing to transform appellees' Civ.R. 12(B)(6) motions to dismiss to Civ.R. 56 motions for summary judgment.

**{¶29}** We initially note that Hutcheson never requested the trial court to convert the Civ.R. 12(B)(6) motions to dismiss to Civ.R. 56 motions for summary judgment. Therefore, she has waived any error on appeal, except plain error. A trial court has no duty to convert a motion to dismiss to a motion for summary judgment, unless it is going to consider matters and evidence outside the complaint. From the record, we find that the trial court did not consider any matters beyond the complaint; therefore, the trial court did not have any obligation to convert the motion to dismiss to a motion for summary judgment. *See* Civ.R. 12(B); *Collins*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 10. Accordingly, we find no plain error and the second assigned error is overruled.

V. "Documentary Service Charge" vs. "Doc Fee"

**{¶30}** In her third and final assignment of error, Hutcheson contends that the trial court erred in its determination that Halleen's fixed and mandatory $250 "doc fee" charged for sales paperwork is interchangeable with the finance charge, termed the "documentary service charge" authorized by R.C. 1317.07, Ohio's Retail Installment Sales Act ("RISA").

**{¶31}** Hutcheson's complaint alleged that Halleen charged her a $250 documentary fee that was in violation of Ohio's RISA. The trial court, in granting appellees's individual motions to dismiss, held that R.C. 1317.07 and 4517.261 authorize

the imposition of a documentary service charge in retail installment sales, and specifically in motor vehicle sales, so long as the charge does not exceed $250 dollars. The trial court found that "the terms 'documentary service fees' and 'documentary service charge' are used interchangeably." We agree with the trial court.

{¶32} R.C. 1317.07 generally governs retail installment sales and authorizes a documentary service charge. It provides, in part:

No retail installment contract authorized by section 1317.03 of the Revised Code that is executed in connection with any retail installment sale shall evidence any indebtedness in excess of the time balance fixed in the written instrument in compliance with section 1317.04 of the Revised Code, but it may evidence in addition any agreements of the parties for the payment of delinquent charges, as provided for in section 1317.06 of the Revised Code, taxes, and any lawful fee actually paid out, or to be paid out, by the retail seller to any public officer for filing, recording, or releasing any instrument securing the payment of the obligation owed on any retail installment contract. No retail seller, directly or indirectly, shall charge, contract for, or receive from any retail buyer, any further or other amount for examination, service, brokerage, commission, expense, fee, or other thing of value. A documentary service charge customarily and presently being paid on May 9, 1949, in a particular business and area may be charged if the charge does not exceed two hundred fifty dollars per sale.

**{¶33}** However, R.C. 4517.261 specifically governs documentary service charges in connection with the sale, whether by retail installment or otherwise, of a motor vehicle. It provides,

> A motor vehicle dealer may contract for and receive a documentary service charge for a retail or wholesale sale or lease of a motor vehicle. A documentary service charge shall be specified in writing without itemization of the individual services provided. A documentary service charge shall be not more than the lesser of the following:
>
> (A) The amount allowed in a retail installment sale;
>
> (B) Ten per cent of the amount the buyer or lessee is required to pay pursuant to the contract, excluding tax, title, and registration fees, and any negative equity adjustment.

**{¶34}** In determining the amount of the documentary service charge, and pertinent to this appeal, R.C. 4517.261(A) allows for "the amount allowed in a retail installment sale," which pursuant to R.C. 1317.07, cannot exceed $250.

**{¶35}** We find that R.C. 4517.261 takes precedence over R.C. 1317.07 when assessing a documentary service charge in connection with the sale of a motor vehicle. R.C. 4517.261 is a special provision applicable only to motor vehicle dealers, whereas R.C. 1317.07 is a general provision applicable to all sellers who enter into a retail installment sale contract. "It is well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as the exception to the general statute which might otherwise apply." *State ex rel. Dublin Secs., Inc. v. Ohio Div. of Secs.*, 68 Ohio St.3d 426, 429, 1994-Ohio-340, 627 N.E.2d 993, citing *Acme Eng. Co. v. Jones*, 150 Ohio St. 423, 83

N.E.2d 202 (1948), paragraph one of the syllabus. "Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." *State v. Frost*, 57 Ohio St.2d 121, 387 N.E.2d 235 (1979), paragraph one of the syllabus.

{¶36} In fact, the legislative intent is clear that R.C. 4517.261 was enacted as a special provision to clarify any confusion or resolve any argument, such as the one made in this appeal, that motor vehicle dealers cannot assess a documentary service charge. The legislative notes of R.C. 4517.261, found in Section 745.10 of 2007 HB No. 119, expressly state the legislative intent:

> SECTION 745.10. (A) The enactment of section 4517.261 of the Revised Code is intended as a clarification of existing law allowing documentary service charges to be assessed in all retail and wholesale sales and leases of motor vehicles, including those involving a retail installment sale and those not involving a retail installment sale, including leases, cash transactions, and transactions in which consumers obtain their own financing.

> (B) The enactment of section 4517.261 of the Revised Code expresses the legislative intent of the General Assembly currently and at the time of the original enactment of the Revised Code by recognizing that motor vehicle dealers may charge, and historically have charged, a documentary service charge in all transactions, including those involving a retail installment sale and those not involving a retail installment sale, including leases, cash transactions, and transactions in which consumers obtain their own financing.

**{¶37}** Accordingly, it is clear that the R.C. 4517.261 expressly allows automobile dealerships to assess a documentary service charge in connection with the sale of a motor vehicle and that fee can be up to $250. We find that whether this amount is termed a "documentary service charge" or "documentary fee" or "doc fee," the legislature was clear that such a charge or fee is allowable as long as it abides by the express mandates of R.C. 4517.261, i.e., specified in writing and not in excess of the amount allowed under subsections (A) and (B).

**{¶38}** In this case, Halleen's purchase contract provides for a "documentary fee" that is specified in writing as a "documentary fee" and is not in excess of $250, which would be the lesser of the two amounts allowable under R.C. 4517.261(A) and (B). Accordingly, Halleen's lawful conduct cannot serve as a basis for liability.

**{¶39}** We note that a majority of Hutcheson's arguments in her complaint focus on R.C. 1317.07, Ohio's RISA statute. However, as previously discussed, the controlling law regarding documentary service charges relating to the sale of motor vehicles is found in R.C. 4517.261. Therefore, the general provisions of R.C. 1317.07 have no significance with the documentary service charge associated with the sale of a motor vehicle, except they provide an allowable dollar amount an automobile dealer can assess for the charge. Accordingly, any argument or "anomaly" that Hutcheson makes on appeal challenging the documentary service charge as a violation of Ohio's RISA is without merit.

{¶40}    Hutcheson also maintains that the Halleen's assessment of the documentary fee was contrary to law because the documentary fee was added into the sale price of the vehicle and then was taxed.   A "documentary service charge" may be added to the base price of the motor vehicle and then subject to the sales tax.   In 2004, the Ohio Department of Taxation issued an updated information release concerning documentary fees.   *See* ST 1982-01.   In the Information Release, the Department stated:

> This department was contacted by the Ohio Auto Dealers Association regarding a "documentary fee" charge being made by some auto dealers.
>
> Based on the explanation given by this Association that this is an additional charge to the customer for various services such as paper work, title runners expenses, costs incurred in making financial arrangements, etc., they were advised that these charges are part of the tax base and subject to the sales tax.   Such charges are considered within the definition of price and part of the income from the sale of the motor vehicle.
>
> 5739.01(H)(1)(a) Ohio Revised Code states in part:
>
> (H)(1)(a) "Price", except as provided in divisions (H)(2) and (3) of this section, means the total amount of consideration, including cash, credit, property, and services, for which tangible personal property or services are sold, leased, or rented, valued in money, whether received in money or otherwise, without any deduction for any of the following * * *:
>
> (iii) Charges by the vendor for any services necessary to complete the sale;

The charges for notary and title fees, which are separately stated on the customer' invoice, are not subject to the tax.

{¶41} Therefore, we find that the documentary fee was properly taxed by Halleen.

{¶42} The final argument that Hutcheson makes challenging the validity of the documentary fee is that the fee assessed by Halleen was conveyed to Hutcheson as a

mandatory, non-negotiable fixed charge, on a preprinted form. We find that these allegations are mere conclusory statements without any factual support pertaining to the sale and purchase of her motor vehicle; we summarily find them without merit.

**{¶43}** Accordingly, Hutcheson's final assignment of error is overruled. We do not find any error by the trial court in finding that the term "documentary service charge" and "documentary fee" are interchangeable or that the fee assessed to Hutcheson when she purchased her motor vehicle was not contrary to law.

**{¶44}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR