[Cite as *Spy v. Arbor Park Phase One Assn.*, 2020-Ohio-2944.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

TYESHA SPY, ET AL.,         :

    Plaintiffs-Appellants,    :

                                              No. 108819

    v.                        :

ARBOR PARK PHASE ONE    :
ASSOC., ET AL.

                                              :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 14, 2020

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2018-CVH-010944

---

### *Appearances:*

Tyesha Spy, *pro se.*

Powers Friedman Linn, PLL, Rachel E. Cohen, Thomas P. Owen, and Kyle P. Ripma, Esq., *for appellees.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant, Tyesha Spy ("Spy"), appeals, pro se, from a judgment of the Cleveland Municipal Court, Housing Division, granting summary judgment to defendants-appellees, Arbor Park Phase One Assoc. and the Finch

Group (collectively "Arbor Park"). For the reasons that follow, we reverse and remand.

## I.  FACTUAL BACKGROUND

{¶ 2} On July 20, 2018, Spy filed a complaint seeking damages for "unlawful eviction, misrepresentation, security deposit cost of moving, unpaid reimbursement for utilities, etc." after Arbor Park had obtained an eviction judgment against her in 2017. The complaint included three minor co-plaintiffs who were not identified by name. Spy filed and served an amended complaint on September 4, 2018.

{¶ 3} On October 5, 2018, Arbor Park had not yet answered the complaint and Spy filed a motion for default judgment. The court granted her motion for a default hearing on October 12, 2018 and set a default hearing for October 17, 2018. One day before the default judgment hearing, Arbor Park filed a motion for leave to file an answer instanter. The court granted the motion and deemed Arbor Park's answer filed on October 16, 2018.

{¶ 4} The docket reflects that the court held a hearing on October 19, 2018. Spy asserts that all parties were present, but that the court only spoke with Arbor Park. She claims she was never called before the court and was simply told that the case would proceed to a pretrial on December 10, 2018.

{¶ 5} Arbor Park attempted to serve requests for written admissions of fact to Spy on November 13, 2018. The certificate of service indicates that Arbor Park sent the requests to Spy by regular mail to her address of record at 3123 East 98th

Street, Cleveland, OH 44101 (the "Cleveland Address"). Although the certificate of service states that Arbor Park also sent an electronic copy to Spy, it does not identify an email address for her. Pursuant to Civ.R. 36, had the discovery requests been properly served on November 13, 2018, Spy's responses to the requests would have been due on December 11, 2018.

{¶ 6} The parties attended the pretrial hearing on December 10, 2018. Arbor Park claims that Spy did not submit responses or request an extension of time to respond to the requests for admission at the pretrial. However, Spy claims she informed Arbor Park that day that she did not receive the requests for admission because she had moved. She also filed a notice of change of address on that date, informing the court that her new address was 851 West 39th Street, Ashtabula, OH 44004 (the "Ashtabula Address"). The notice identified her old address as the Cleveland Address where Arbor Park certified it sent the requests for admission.

{¶ 7} Arbor Park moved for leave to file summary judgment and its summary judgment motion on January 17, 2019. The certificate of service on the motion for summary judgment indicates it was served to Spy by regular mail to 5855 Washington Avenue, Ashtabula, OH 44004, a different address than the Ashtabula Address identified on Spy's change of address notice. Arbor Park's motion for summary judgment was based on the fact that Spy had not responded to the requests for admissions. It argued that the admissions must be deemed admitted and that, if admitted, the admissions proved there was no genuine issue of material fact.

**{¶ 8}** Arbor Park's motion for summary judgment also included an affidavit of Kyle P. Ripma ("Ripma Affidavit"), one of Arbor Park's attorneys. Mr. Ripma averred that hard and electronic copies of Arbor Park's discovery requests were served on November 13, 2018, and that Spy did not request additional time to respond to the requests at the December 10, 2018 pretrial hearing or "articulate or describe any facts upon which she relies in bringing her claim."

**{¶ 9}** On February 1, 2019, the court granted Arbor Park's motion for summary judgment. On February 5, 2019, Spy filed notice that she did not receive the motion for summary judgment. The court held a hearing on February 13, 2019 and ordered Arbor Park to send a copy of its summary judgment motion to Spy at her Ashtabula Address. The court also gave Spy until March 13, 2019, to file a response to the summary judgment motion.

**{¶ 10}** Spy filed an opposition to summary judgment on March 15, 2019. On March 21, 2019, the court granted Arbor Park's motion for summary judgment. In its judgment entry, the court relied on Arbor Park's requests for admissions of fact, which it deemed admitted. Of note, it deemed Spy to have admitted that she had no facts or documentary evidence to support her claim.

**{¶ 11}** This appeal follows. Spy has asserted the following three assignments of error:

### Assignment of Error One

The trial court has failed to comply with the rule for service of documents. The Court has been using its own personal staff to make service.

The trial court making the appellee's request for admission [of] facts on the record and the court stating "plaintiff, deem [sic] to have admitted that she has no facts or documentary evidence to support her claim against the defendant's [sic]."

Assignment of Error Three

The trial court accepting evidence that should have been ruled inadmissible and stricken from the record by the trial court.

{¶ 12} For the reasons that follow, we reverse the decision of the trial court.

## II. LAW AND ANALYSIS

{¶ 13} As a preliminary matter, we note that pro se litigants "are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 19, citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter." *Id.*, quoting *Kilroy*.

### A. Assignments of Error One and Three

{¶ 14} Spy first argues that the trial court improperly used court staff to serve documents. She specifically contends that the court bailiff and other members of the court served various documents in person at her home address. Spy has raised this issue of improper service for the first time on appeal.

{¶ 15} In her third assignment of error, Spy appears to argue that Arbor Park's motion for summary judgment and a motion to strike should be stricken from the record because the wrong address was listed on each motion's certificate of

service after she had filed her change of address notice. Spy did not move to strike Arbor Park's motion for summary judgment or motion to strike below.

{¶ 16} It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 42 fn.6, citing *Shadd v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 107603, 2019-Ohio-1996, ¶ 27 ("Appellants cannot raise an issue for the first time on appeal that they did not raise to the trial court."); *Scott Fetzer Co. v. Miley*, 8th Dist. Cuyahoga No. 108090, 2019-Ohio-4578, ¶ 41 ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes."); *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 32-33 ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.).

{¶ 17} As Spy did not raise these issues below, the first and third assignments of error are not properly before the court.

{¶ 18} But in regard to the third assignment of error, we note that Spy stated in her opposition to summary judgment that the Ripma Affidavit, exhibit No. one to Arbor Park's summary judgment motion, should be stricken. To the extent this was sufficient to preserve the issue for appeal and to the extent Spy has raised this issue in her third assignment of error, "[o]ur standard of review for a motion to strike is

an abuse of discretion by the trial court." *Hall v. Rocky River*, 8th Dist. Cuyahoga No. 107624, 2019-Ohio-1997, ¶ 30, citing *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 81675, 2003-Ohio-1528, ¶ 7. "An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably." *Hall* at *id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} Civ.R. 56(E) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

{¶ 20} The Ripma Affidavit stated that he was counsel to Arbor Park and had personal knowledge of the matters stated therein. Spy has not demonstrated and we do not find any abuse of discretion by the trial court in not striking the Ripma Affidavit.

{¶ 21} In light of the above, the first and third assignments of error are overruled.

## B.     Assignment of Error Two

{¶ 22} Spy argues in her second assignment of error that the trial court improperly deemed admitted Arbor Park's requests for admissions and improperly relied on those admissions in granting summary judgment. We agree.

### 1. Standard of Review

#### a) Discovery Matters

{¶ 23} "A trial court's discovery decisions — including the acceptance of a party's withdrawal of Civ.R. 36(A) admissions — will not be disturbed on appeal unless there is an abuse of discretion." *C.S.J. v. S.E.J.*, 8th Dist. Cuyahoga No. 108390, 2020-Ohio-492, ¶ 17, citing *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 20, 26 (8th Dist.). A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 21, citing *Blakemore*, 5 Ohio St.3d 219, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 21, quoting *AAAA Ents. Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

#### b) Summary Judgment

{¶ 24} "We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C)." *Jackson-Summers v. Brooks*, 8th Dist. Cuyahoga No. 86522, 2006-Ohio-1357, ¶ 27, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St. 3d 102, 105, 671 N.E.2d 241 (1996). "Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is

made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party." *Id.*, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 25} "On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment." *Mobley v. James*, 8th Dist. Cuyahoga No. 108470, 2020-Ohio-380, ¶ 29, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial." *Id.*, citing *Dresher* at 293. "Summary judgment is appropriate if the nonmoving party fails to meet this burden." *Id.*

### 2. The requests for admission were not properly served

{¶ 26} Spy argues that the trial court erred in deeming Arbor Park's requests for admission admitted due to her failure to respond. We agree and find that the trial court abused its discretion in finding the requests automatically admitted because Spy was not properly served with the requests for admissions.

{¶ 27} "When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted." *Mannesmann Dematic Corp. v. Material Handling*

*Servs.,* 8th Dist. Cuyahoga No. 76256, 1999 Ohio App. LEXIS 6070, *9 (Dec. 16, 1999), citing Civ.R. 36; *Cleveland Trust Co. v. Willis,* 20 Ohio St.3d 66, 67, 485 N.E.2d 1052, 1053-1054 (1985), *cert. denied,* 478 U.S. 1005, 106 S.Ct. 3295, 92 L.Ed.2d 710 (1986). "A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed." *Jackson-Summers v. Brooks,* 8th Dist. Cuyahoga No. 86522, 2006-Ohio-1357, ¶ 20, citing *Potter v. Troy,* 78 Ohio App.3d 372, 377, 604 N.E.2d 828 (2d Dist.1992), citing *Grant v. Ivy,* 69 Ohio App.2d 40, 429 N.E.2d 1188 (10th Dist.1980), paragraph one of the syllabus. However, "[t]he presumption may be rebutted by sufficient evidence to the contrary." *Jackson-Summers* at *id.* We find sufficient evidence that Spy did not receive proper service of the requests for admission.

**{¶ 28}** In *Jackson-Summers,* we found that a plaintiff who had filed a medical malpractice complaint did not sufficiently rebut the presumption of proper service of the defendant's requests for admissions of fact. *Id.* at ¶ 21-22. The certificate of service attached to the requests for admissions demonstrated that service was made by regular mail to the plaintiff's home address. The plaintiff claimed she never received the requests, but nothing in the record supported that bare assertion. *Id.* at ¶ 22. We specifically noted that the plaintiff "offered no evidence that she was away from her home for any significant period or had changed addresses, or any other reason for why she did not receive this filing." *Id.* The plaintiff also did not claim that she never received a copy of the defendant's motion to deem the requests for admissions admitted. *Id.* That is not the case here.

{¶ 29} Arbor Park claims that it served its requests for admissions on November 13, 2018, by email and regular mail to Spy's Cleveland Address. Spy claims that she never received the requests by email or mail. Unlike in *Jackson-Summers*, the record here supports Spy's claim. In particular, the record demonstrates that Spy changed addresses on or before December 10, 2018. She not only filed an official change of address form with the court on December 10, 2018, but also informed Arbor Park in person that day that she had not received any discovery requests because she had moved.

{¶ 30} There is no indication that Arbor Park served the requests to Spy at her new Ashtabula Address, except that the requests were attached as an exhibit to its motion for summary judgment, which Spy incidentally received in mid-February 2019 through service of the summary judgment motion, which we note was also sent to the wrong address initially. Further, the certificate of service does not identify an email address for Spy; the record does not reflect an email address for Spy; and Spy asserts that she never provided an email address to Arbor Park for electronic service.

{¶ 31} During the pretrial hearing on December 10, 2018, Spy claims that Arbor Park told her they sent requests for admission to her on November 13, 2018, but that she informed Arbor Park and the court that she did not receive the requests for admission because she had moved. As noted, she also filed a change of address notice that day, which the docket reflects. There is no question that Arbor Park knew by December 10, 2018, that Spy had moved and that she had not received any discovery requests. Arbor Park points out that Spy did not request additional time

to respond to the requests at the December 10, 2018 hearing. However, we would not expect Spy to request additional time to respond to discovery requests that were not yet properly served.

{¶ 32} Arbor Park also argues that, pursuant to *Cleveland Trust Co.,* 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985), the requests were properly deemed admitted and adopted by the trial court because Spy never sought to amend or withdraw the admissions. *Id* at 67. However, *Cleveland Trust* did not involve failed service of requests for admission like we have here. Moreover, a formal motion to withdraw or amend admissions is not necessary to overcome admissions deemed admitted due to a failure to respond. *C.S.J. v. S.E.J.*, 8th Dist. Cuyahoga No. 108390, 2020-Ohio-492, ¶ 14, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 405 N.E.2d 293 (1980).

{¶ 33} Since the record demonstrates that the requests for admission were not properly served, we find that the trial court abused its discretion in deeming the admissions admitted. We next examine whether Arbor Park was entitled to summary judgment without the facts deemed admitted and find that it was not.

### 3. Summary judgment was not appropriate

{¶ 34} Arbor Park relied on the facts deemed admitted to attempt to meet its initial burden under Civ.R. 56(C). The 12 admissions attached to Arbor Park's motion for summary judgment asked Spy to admit, inter alia, that: "There are no facts upon which you rely as evidence of or a basis for a claim against the Defendant" and "There are no Documents that you intend to utilize as evidence of claims against the Defendant." Arbor Park also requested admissions regarding the validity and

terms of the rental agreement between Spy and Arbor Park. These admissions go to the merits of the issues related to Spy's claim that Arbor Park unlawfully evicted her.

{¶ 35} In sum, Arbor Park's motion for summary judgment relied on the facts deemed admitted by Spy's failure to respond to the requests to meet its burden. The judgment entry granting summary judgment relied on the same. Based on our conclusion that the requests for admission were not properly served and should not have been deemed admitted, we find that Arbor Park failed to meet its initial burden of "identifying specific facts in the record that demonstrate [its] entitlement to summary judgment." *Mobley v. James*, 8th Dist. Cuyahoga No. 108470, 2020-Ohio-380, ¶ 29 , citing *Dresher*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Accordingly, we find that summary judgment was not appropriate. *Id.*

{¶ 36} Spy's second assignment of error is well-taken. We reverse the trial court's granting of summary judgment and remand for proceedings consistent with this opinion.

{¶ 37} Judgment reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR