[Cite as *Wells Fargo Bank, N.A. v. Lundeen*, 2025-Ohio-838.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 114184 |
| v. | : | |
| CYNTHIA LUNDEEN, ET AL., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 13, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-856890

***Appearances:***

Reed Smith LLP and Dean E. Collins, *for appellee.*

Ratliff Law Offices, J.C. Ratliff, and Rocky Ratliff, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Cynthia Lundeen ("Lundeen") appeals the trial court's decision confirming the sale of property after a judgment of foreclosure. For the reasons that follow, we affirm the decision of the trial court.

## Procedural History

{¶ 2} This case originated when Wells Fargo Bank, N.A. ("Wells Fargo") filed a foreclosure action against Lundeen in C.P. No. CV-16-856890. In response to Wells Fargo's complaint, Lundeen filed two motions to dismiss on November 27, 2017, and March 13, 2018, respectively. Lundeen did not raise failure of service pursuant to Civ.R. 3 in either motion. Additionally, Lundeen did not file an answer to the complaint. The trial court denied both motions, and with respect to the March 13, 2018 motion, which challenged the trial court's subject-matter jurisdiction based on Wells Fargo's failure to plead that it had standing to sue, the court declared it had subject-matter jurisdiction over the matter. Wells Fargo subsequently filed a motion for summary judgment for foreclosure, which was granted by a magistrate and adopted by the trial court on April 13, 2018.

{¶ 3} Lundeen filed a direct appeal, and while that was pending, she filed a writ of prohibition to stop the trial court from exercising its jurisdiction to conduct a sheriff's sale of the property. *State ex rel. Lundeen v. Burnside*, 2018-Ohio-4122 (8th Dist.). In that opinion, this court found that the trial court had subject-matter jurisdiction over foreclosure actions and that the trial court judge had general subject-matter jurisdiction over the case. *Id*. at ¶ 2. This, coupled with the fact that Lundeen had an adequate remedy at law via a direct appeal, resulted in this court dismissing Lundeen's complaint for writ of prohibition. *Id*. at ¶ 4.

{¶ 4} In the direct appeal, Lundeen raised several issues. Relevant to this appeal, she alleged that Wells Fargo failed to properly serve her with the third amended complaint. However, because she failed to raise that argument before the trial court, this court declined to hear it. Nevertheless, this court noted that she fully participated in the litigation and never raised insufficiency of process; further, proper service was presumed because the civil rules were followed. This court ultimately affirmed the trial court's decree of foreclosure. *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 13-18; 29 (8th Dist.).

{¶ 5} Lundeen filed another writ of prohibition while the direct appeal was still pending arguing that the newly assigned trial judge did not have jurisdiction over the foreclosure because Wells Fargo failed to obtain service within one year of filing the complaint in violation of Civ.R. 3 and, therefore, the court was barred from proceeding with the foreclosure and the orders entered were void. We dismissed the writ, finding that the prohibition action was moot, the trial court still had subject-matter jurisdiction, there were no changes in circumstances since the last writ, and Lundeen had an adequate remedy at law via direct appeal. *Lundeen v. Turner*, 2020-Ohio-274 (8th Dist.).

{¶ 6} Lundeen appealed this decision, which was affirmed, although for slightly different reasons. *Lundeen v. Turner*, 2021-Ohio-1533. The Ohio Supreme Court found that the writ was not moot, but that res judicata/collateral estoppel were at issue given Lundeen's assigned errors in the direct appeal. Addressing the merits, the Court noted with respect to Lundeen's "failure to commence" argument:

We do not agree that a "failure to commence" is a separate defense. "The upshot of [Civ.R. 3(A) and R.C. 2305.17] is that to comply with the statute of limitations, an action must be 'commenced' within the limitations period," and commencement "occurs when the action is filed within the limitations period and service is obtained within one year of that filing." *Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376 ¶ 16. None of the cases Lundeen cites supports her theory that a "failure to commence" is a defense separate from a statute-of-limitations defense, nor do they establish that a "failure to commence" affects the subject-matter jurisdiction of the court. Lundeen's argument in this regard is therefore not a basis for obtaining a writ of prohibition.

(Brackets in original.) *Id*. at ¶ 24.

{¶ 7} Lundeen subsequently filed a motion in this court under Civ.R. 60(B)(5) for relief from this court's judgment dismissing her writ of prohibition. Lundeen raised the same argument regarding failure to commence the case. This court denied the motion, a decision the Ohio Supreme Court affirmed. *Lundeen v. Turner*, 2022-Ohio-1709.

{¶ 8} On June 19, 2023, Wells Fargo filed a notice of bankruptcy stay in the foreclosure case, after Lundeen filed for bankruptcy in federal court. The trial court took no action on its docket in response to the notice. Lundeen then attempted to overturn the trial court's foreclosure ruling by filing an action in federal court again claiming that Wells Fargo failed to serve her with the complaint within one year of the commencement of the action. The Northern District of Ohio granted Wells Fargo's motion to dismiss finding it did not have subject-matter jurisdiction over a

State court decision. *Lundeen v. Wells Fargo Bank, N.A.*, 2023 U.S. Dist. LEXIS 131402 (N.D. Ohio July 28, 2023).[1]

{¶ 9} Upon motion from Wells Fargo, the bankruptcy court lifted the bankruptcy stay on November 22, 2023. *In re Lundeen*, 2023 Bankr. LEXIS 3114 (Bankr. N.D. Ohio Nov. 22, 2023.)[2] On March 20, 2024, Wells Fargo filed a motion to reinstate the case to the active docket. Lundeen filed a brief in opposition raising two bases for relief (a) that the statute of limitations to execute on a judgment of foreclosure had expired and (b) that the relief from stay granted by the bankruptcy court was procured by fraud on the court. Lundeen did not challenge the authenticity of the order Wells Fargo attached to its motion nor raise the requirements of R.C. 2329.021 et seq. The trial court granted Wells Fargo's motion in part noting that the case was not on the active docket when the notice of bankruptcy stay was filed. Specifically, the court noted the case had concluded with a decree of foreclosure. The court's order allowed Wells Fargo to proceed to execution of its judgment.

{¶ 10} An order for the sale of the property was issued on April 8, 2024. An appraisal conducted by three disinterested freeholders of the property was filed on

---

[1] Lundeen attempted to revive the case and sought reconsideration, which was denied. *Lundeen v. Wells Fargo Bank, N.A.,* 2024 U.S. Dist. LEXIS 42897 (N.D. Ohio Mar. 4, 2024). On appeal, the dismissal was affirmed in *Lundeen v. Wells Fargo Bank, N.A.,* 2024 U.S. App. LEXIS 24402 (6th Cir. Sept. 25, 2024).

[2] Lundeen appealed the decision lifting the stay. The Sixth Circuit affirmed the decision after Lundeen filed her notice of appeal in this case. *Lundeen v. Wells Fargo Bank, N.A. (In re Lundeen),* 2024 Bankr. LEXIS 2008 (B.A.P. 6th Cir. Aug. 28, 2024).

April 17, 2024, which valued the property at $400,000 based on an exterior inspection only. The freeholders described the condition of the home as fair to poor and listed a number of issues with the property, including peeling paint and a tarp on the roof. On April 23, 2024, Lundeen filed a motion to return the order of sale without execution challenging the sale arguing the statute of limitations for proceeding on a foreclosure judgment had expired. Lundeen also raised the same failure-to-commence argument she had made in previous filings. Lundeen, however, did not challenge the appraisal. The trial court denied Lundeen's motion.

{¶ 11} The property sold for $369,100. Lundeen subsequently filed a motion to stay the confirmation of sale, which the trial court denied. The trial court filed a confirmation of sale on July 18, 2024. Lundeen filed her notice of appeal on July 22, 2024. On the same date, and docketed after the notice of appeal, Lundeen filed a motion to stay disbursement of funds pending appeal, to which she attached the Cuyahoga County Fiscal Officer's proposed valuation of the property, which valued it at $690,900 and reported a current market value of $552,500. The trial court ordered the motion be held in abeyance. Lundeen presents the following assigned errors for our review.

### Assignment of Error No. 1

The trial court erred when it permitted the use of an undomesticated foreign order as relevant evidence to grant Wells Fargo, N.A. leave to conduct a Sheriff's Sale of Cynthia Lundeen's residential property resulting in the order granting Wells motion of March 20, 2024, in part for leave to conduct the sale. Journal Entry April 5, 2024. This error resulted in a void order of April 5, 2024. Ohio Revised Code 2329.021 et seq.

## Assignment of Error No. 2

The trial court erred when it issued an Order of Summary Judgment of Foreclosure on April 13, 2018, as the inchoate case filed by Wells Fargo Bank, N.A. on January 8, 2016, failed to commence within one year. Civ.R. 3(A).

## Assignment of Error No. 3

The trial court erred when it confirmed a Sheriff's Sale in CV-16-856890 for three or more independent reasons including lack of domestication of a foreign order (R.C. 2329.022), lack of valid judgment of foreclosure (R.C. 2329.02), lack of service of domestication (R.C. 2329.023), and substantially un[der]valued property valuation.

## Law and Analysis

## Waiver; The Doctrine of Res Judicata, and The Law of the Case Doctrine

{¶ 12} Preliminarily, we note that Lundeen attempts, again, to relitigate the foreclosure decree. Throughout her brief, she argues that the trial court did not have subject-matter jurisdiction because Wells Fargo failed to commence the case by serving her within one year of filing the complaint under Civ.R. 3(A). Lundeen believes that if she prevails on this argument, the foreclosure decree is void and every order that has been issued since then is void as well.

{¶ 13} Lundeen waived her right to raise the failure to commence argument under Civ.R. 3(A) in the initial action before the trial court. Civ.R. 3(A) provides that a civil action is commenced when service is obtained on the defendant within one year of filing the complaint. Lundeen's challenge is merely a claim of insufficient service. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 2007-Ohio-3762; *Ackman v. Mercy Health W. Hosp., L.L.C.,* 2024-Ohio-3159.

{¶ 14} A challenge alleging insufficient service of process must be raised in the responsive pleading or by motion. Civ.R. 12(B). If a party files a motion under the rule, such as a motion to dismiss under Civ.R. 12(B)(6), the party must include any other defenses under the rule that apply to the case. Civ.R. 12(G).

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

Civ.R. 12(H)(1).

{¶ 15} Here, Lundeen filed two motions to dismiss, one under Civ.R. 12(B)(6), and the other challenged subject-matter jurisdiction. She never raised insufficient service of process as a defense. Accordingly, she waived the right to assert that defense. Additionally, Lundeen's argument is barred by the doctrine of res judicata. Under the doctrine of res judicata, an existing final judgment or decree between the parties in litigation is conclusive as to all claims, which were litigated or might have been litigated in the first lawsuit. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 22, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). The original case came to final judgment and Lundeen could have, but did not raise this issue in her direct appeal in the foreclosure action. Consequently, she may not do so now. The same is true for her newly raised argument that the trial court failed to serve her with the magistrate's order granting the decree of foreclosure. That argument is also barred by res judicata.

{¶ 16} Finally, Lundeen's argument that Wells Fargo failed to obtain service within one year removed the trial court's subject-matter jurisdiction is (1) barred by the law-of-the-case doctrine and (2) contrary to law. The law-of-the-case doctrine holds that "'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels.'" *Giancola v. Azem*, 2018-Ohio-1694, ¶ 14, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designated by the Ohio Constitution." *Id.*, quoting *Hopkins v. Dyer*, 2004-Ohio-6769, ¶ 15.

{¶ 17} The Ohio Supreme Court explicitly rejected Lundeen's argument that a failure to commence litigation within one year resulted in a lack of subject-matter jurisdiction. *Lundeen v. Turner*, 2021-Ohio-1533 at ¶ 24. The court found that this position was contrary to law and that none of the cases Lundeen cited supported her argument. *Id.* Lundeen has not raised any change of circumstances or new facts to justify this court's reopening this issue for consideration. Therefore, we refuse to consider that issue. To do so would allow Lundeen to relitigate the trial court's foreclosure decree that has been settled by this court's rulings in the direct appeal and in subsequent litigation.

{¶ 18} Accordingly, Lundeen's second assignment of error, which challenges the foreclosure decree, is overruled. Also, to the extent that Lundeen's first and third assignments of error rely on the argument that the foreclosure decree is void, those

assignments of error are overruled. Based on the foregoing, the only issue subject to review before this court is whether the trial court acted appropriately when it confirmed the sale of the property.

**Confirmation of Sale**

**Standard of Review**

{¶ 19} Preliminarily, we note that Wells Fargo argues that Lundeen's challenge to the confirmation of sale is barred by the doctrine of res judicata based on the rulings of the federal district courts. However, in a foreclosure case, two judgments are appealable, the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. The judgment of foreclosure "determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party to the action." *Id.* The confirmation of sale process is ancillary in which the sole issue on appeal is whether the sale proceedings conform to law. *Id.* at ¶ 40. Certainly, an appellant challenging the confirmation of sale may raise issues that are barred by res judicata to no avail; nonetheless, the confirmation of sale is a final appealable order and may be challenged on appeal.

{¶ 20} The decision to confirm or refuse a judicial sale rests within the sound discretion of the trial court. *U.S. Bank, Natl. Assn. v. Sanders*, 2017-Ohio-1160, ¶ 13, (8th Dist.). A court abuses its discretion when its actions are arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court shall confirm the sale if it finds, after examining the proceedings

taken by the officers, that the sale conformed with the mandates of R.C. 2329.01 to 2329.61. *Id.*, citing R.C. 2329.31.

{¶ 21} Lundeen raises three challenges to the confirmation of sale, excluding her argument that there was no valid judgment of foreclosure: (1) Wells Fargo failed to domesticate the bankruptcy court's order lifting the automatic stay under R.C. 2329.021 et seq.; (2) Wells Fargo failed to serve her with the bankruptcy order as required under R.C. 2329.023; and (3) the appraisal substantially undervalued the property.

**Uniform Enforcement of Foreign Judgments Act**

{¶ 22} Lundeen's first two arguments allege that Wells Fargo was required to comply with R.C. 2329.021 et seq., i.e., the Uniform Enforcement of Foreign Judgments Act, in order to reactivate the foreclosure case and allow Wells Fargo to proceed to execute on the foreclosure decree. Notably, Lundeen did not raise this challenge before the trial court. An appellant cannot raise for the first time on appeal an issue that they failed to raise before the trial court. *Spy v. Arbor Park Phase One Assoc.*, 2020-Ohio-2944, ¶ 16 (8th Dist.). Failure to raise an issue results in a waiver of that issue for appellate purposes. *Id.* Accordingly, we will not consider Lundeen's challenge to the confirmation of sale based on the failure to comply with R.C. 2329.021 et seq.

{¶ 23} Even so, a bankruptcy stay is automatically ordered when a party files for bankruptcy pursuant to 11 U.S.C. 362(a). *See Woodell v. Ormet Primary Aluminum*, 2004-Ohio-1558, ¶ 12 (7th Dist.). Additionally, when the bankruptcy

court grants a motion for relief from stay, the stay terminates by operation of law pursuant to 11 U.S.C. 362(d) and (e).  Finally, a bankruptcy court's ruling on a motion for relief from stay does not resolve the dispute between a creditor and debtor.

> A bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings. Adjudication of a stay-relief motion, as just observed, occurs before and apart from proceedings on the merits of creditors' claims: The motion initiates a discrete procedural sequence, including notice and a hearing, and the creditor's qualification for relief turns on the statutory standard, i.e., "cause" or the presence of specified conditions. Section 362(d), (e); Fed. Rules Bkrtcy. Proc. 4001(a)(1) and (2), 9014 (describing procedure for adjudicating motions for relief from automatic stay). Resolution of stay-relief motions does not occur as part of the adversary claims-adjudication process, proceedings typically governed by state substantive law. *See Butner v. United States*, 440 U. S. 48, 54-55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). Under *Bullard*, a discrete dispute of this kind constitutes an independent "proceeding" within the meaning of 28 U. S. C. Section 158(a).  575 U. S., at 502-505, 135 S. Ct. 1686, 191 L. Ed. 2d 621.

*Ritzen Group., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 43-44 (2020).

{¶ 24} In the instant case, the stay was automatically imposed and lifted by operation of law.

{¶ 25} Accordingly, Lundeen's first assignment of error is overruled, and her third assigned error is overruled to the extent it relies on a violation of R.C. 2923.021 et seq.

## Undervaluation of the Property

{¶ 26} Lundeen's last argument in her third assignment of error is that the trial court erred when it allowed the property to be sold at a value significantly lower

than the amount determined by the Cuyahoga County Fiscal Office. However, Lundeen did not challenge the valuation in the trial court. As we have noted previously, Lundeen's failure to raise an issue before the trial court waives her ability to raise it before the court of appeals. *Spy,* 2020-Ohio-2944, ¶ 16. Additionally, although she attached the Cuyahoga County Fiscal Office's valuation report to a motion, Lundeen did not challenge the valuation prior to the confirmation of sale. The third assignment of error is therefore overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR