[Cite as *Macron Inv. Co. v. Jack Cleveland Casino, L.L.C.*, 2025-Ohio-5225.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MACRON INVESTMENT COMPANY,    :

    Plaintiff-Appellant,    :

                  No. 114816

    v.    :

JACK CLEVELAND CASINO LLC, ET AL., :

    Defendants-Appellees.    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-108289

---

### *Appearances:*

Robert W. McIntyre, *for appellant*.

Calfee, Halter & Griswold LLP, Matthew M. Mendoza, Kelsey L. Baughman, and David T. Bules, *for appellees*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellant Macron Investment Company ("Macron") appeals from the trial court's judgment entry granting the unopposed motion to dismiss filed by defendants-appellees Jack Cleveland Casino LLC, f.k.a. 2115-2121 Ontario

Building LLC, and Jack Ohio Finance LLC, f.k.a. Ontario Mothership LLC (collectively known as "Jack LLC"). Macron alleges that the trial court should have converted the motion to dismiss to a motion for summary judgment thereby giving Macron more time to respond to the motion. Thus, Macron argues the trial court prematurely issued its ruling before it had a chance to respond to Jack LLC's motion. Since the record does not reflect that the motion to dismiss was required to be converted to a motion for summary judgment and the trial court ruled on Jack LLC's motion well after the briefing period had expired, we overrule Macron's sole assignment of error and affirm the judgment of the trial court.

## I. Procedural History and Relevant Facts

{¶ 2} On December 6, 2024, Macron filed a shareholder's derivative action in the Cuyahoga County Court of Common Pleas against Jack LLC, challenging a conveyance of real property that had occurred almost ten years earlier pursuant to a court order. The complaint set forth the following causes of action: (1) recovery of real property, (2) declaratory judgment, (3) fraudulent conveyance, (4) monetary damages, and (5) injunctive relief. Macron did not include or attach any extrinsic documents or affidavits to its complaint.

{¶ 3} On January 13, 2025, Jack LLC filed a motion to dismiss Macron's complaint pursuant to Civ.R. 12(B)(6). Jack LLC's motion to dismiss raised issues concerning standing, waiver, statute of limitations, and statutory issues that prevented Macron from stating a claim upon which relief could be granted. Seven exhibits, including public documents from the secretary of state, public-case dockets

from Cuyahoga County Court of Common Pleas cases referenced in Macron's complaint, and public filings and judgment entries on those dockets, were attached to Jack LLC's motion to dismiss. Macron did not file an opposition to the motion nor did Macron file a request for an enlargement of time to respond.

{¶ 4} On February 6, 2025, Jack LLC filed a motion for an order granting its unopposed motion to dismiss.[1]

{¶ 5} On February 10, 2025, the trial court granted Jack LLC's motion to dismiss that had been filed on January 13, 2025. The court noted that Jack LLC's motion had been unopposed and granted the motion to dismiss for the following reason:

> In construing the complaint's factual allegations as true and in resolving all reasonable inference in light most favorable to [Macron], the Court finds that [Macron's] complaint fails to state a claim against [Jack LLC] upon which relief can be granted.

> Accordingly, [Macron's] complaint is dismissed with prejudice.

{¶ 6} The following day, Macron filed a notice of appeal from the trial court's judgment entry granting Jack LLC's motion to dismiss.

{¶ 7} On appeal, Macron raises the following assignment of error:

> The Trial Court erred by prematurely dismissing [Macron's] complaint by improperly relying upon the similarly premature [Jack LLC's] *Motion for an Order Granting Unopposed Motion to Dismiss* in view of [Jack LLC's] pending *Motion to Dismiss*.

---

[1] The trial court never issued a ruling on this motion. "It is well-settled that when a motion is not ruled on, it is deemed to be denied." *Rosett v. Holmes,* 2023-Ohio-606, ¶ 11 (8th Dist.). As such, Jack LLC's motion is considered denied as moot.

## II. Law and Argument

{¶ 8} As a preliminary matter, we note that Macron does not challenge the substantive merits of the trial court's decision granting Jack LLC's motion to dismiss. Rather, Macron's challenge is purely procedural, alleging that the trial court ruled on Jack LLC's motion prior to the expiration of the deadline by which he was permitted to file a response.

### A. Macron Waived Its Argument That Jack LLC's Motion to Dismiss Should Have Been Converted and Treated as a Motion for Summary Judgment

{¶ 9} Macron alleges that Jack LLC's motion to dismiss, which was filed pursuant to Civ.R. 12(B)(6), is a "de facto" motion for summary judgment under Civ.R. 56 because exhibits were attached to the motion and that the court made a "merits" finding that was "substantially based on extrinsic matters[.]" Therefore, Macron claims that it had 28 days to file a response rather than the 14-day deadline set for a motion to dismiss. *See* Civ.R. 6(C)(1) ("Responses to a written motion, other than motions for summary judgment, may be served within 14 days after service of the motion. Responses to motion for summary judgment may be served within 28 days after service of the motion.").

{¶ 10} Macron never raised this issue below. Macron did not file a motion requesting the trial court to convert Jack LLC's motion to dismiss to a motion for summary judgment. Nor did Macron file any motion with the trial court raising this claim. Rather, Macron raises this claim for the first time on appeal to this court.

{¶ 11} It has been well-established that appellate courts "'will not consider a question not presented, considered or decided by a lower court.'" *First Rehab. Funding, LLC v. Milton,* 2025-Ohio-2677, ¶ 23 (8th Dist.), quoting *Kalish v. Trans World Airlines, Inc.,* 50 Ohio St.2d 73, 79 (1977). As such, an issue "'not raised in the trial court may not be raised for the first time on appeal.'" *Id.,* quoting *Spy v. Arbor Park Phase One Assoc.,* 2020-Ohio-2944, ¶ 16 (8th Dist.). As a result, "[t]he 'failure to raise an issue before the trial court waives that issue for appellate purposes.'" *Id.,* quoting *Miller v. Cardinal Care Mgmt.,* 2019-Ohio-2826, ¶ 23 (8th Dist.).

{¶ 12} We have held that where the record reflects that a party failed to request a trial court to convert a Civ.R. 12(B)(6) motion to dismiss to a Civ.R. 56 motion for summary judgment, the party waives any error on appeal except plain error. *Hutcheson v. Ohio Auto. Dealers Assn.,* 2012-Ohio-3685, ¶ 29 (8th Dist.); *see also Ohio Environmental Dev. L.P. v. Ohio EPA,* 2010-Ohio-414, ¶ 21 (10th Dist.) (holding that this argument is waived where "the record reveals that appellant never requested that the court convert appellee's motion to dismiss into a motion for summary judgment"). Applying the plain-error doctrine in a civil case, we

> must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

*Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121 (1997).

{¶ 13} "A trial court has no duty to convert a motion to dismiss to a motion for summary judgment, unless it is going to consider matters and evidence outside the complaint." *Hutcheson* at ¶ 29. "A court is permitted to take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment." *Hanak v. Kraus,* 2022-Ohio-1941, ¶ 10 (8th Dist.), citing *State ex rel. Everhart v. McIntosh,* 2007-Ohio-4798, ¶ 10. This court has recognized that "'"documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6).'"'" *Harper v. Weltman, Weinberg & Reis Co., L.P.A.,* 2019-Ohio-3093, ¶ 14 (8th Dist.), quoting *Glazer v. Chase Home Fin. L.L.C.,* 2013-Ohio-5589, ¶ 38 (8th Dist.), quoting *NCS Healthcare, Inc. v. Candlewood Partners, LLC,* 2005-Ohio-1669 (8th Dist.). In short, "the trial court 'may review documents that were incorporated into the complaint, even if not attached to the complaint.'" *Id.,* quoting *Glazer* at ¶ 38. A court may also "take judicial notice" of appropriate public records. *Id.,* citing *Everhart* at ¶ 8, 10.

{¶ 14} Jack LLC attached seven exhibits to its motion to dismiss, including public documents from the secretary of state concerning the companies listed in Macron's complaint and public dockets and filings concerning court cases referenced in the complaint. The record does not indicate which of these attachments, if any, were considered and/or relied upon by the trial court in granting Jack LLC's motion to dismiss. Macron also does not specify which documents, if any, were improperly attached, nor establish which ones were

improperly considered by the trial court when it granted Jack LLC's motion to dismiss. As such, we cannot say that the trial court committed plain error by failing to convert the motion to dismiss to a motion for summary judgment.

### B. The Trial Court Properly Ruled on Jack LLC's Motion to Dismiss After the Briefing Period Expired

{¶ 15} Jack LLC's motion to dismiss was filed on January 13, 2025. Pursuant to Civ.R. 6(C)(1), Macron had an opportunity to respond within 14 days by January 27, 2025. Macron did not file a response to Jack LLC's motion to dismiss, nor did Macron file a request for an enlargement of time under Civ.R. 6(C)(3). The trial court granted Jack LLC's motion to dismiss on February 10, 2025, well after Macron's deadline to file a response had expired.

{¶ 16} "'As a general rule, a trial court has the inherent authority to manage its own proceedings and control its own docket.'" *Shaker Hts. ex rel. Friends of Horseshoe Lake, Inc. v. Shaker Hts.,* 2024-Ohio-3007, ¶ 37 (8th Dist.), quoting *Perozeni v. Perozeni,* 2023-Ohio-1140, ¶ 31 (8th Dist.). Accordingly, the trial court had the "innate ability" to rule on Jack LLC's motion to dismiss at any point after the 14-day response period had expired. *Jabr v. Columbus,* 2023-Ohio-2781, ¶ 15 (10th Dist.). *See also Haven v. Lodi,* 2022-Ohio-3957, ¶ 33 (9th Dist.) (holding that it was not an abuse of discretion for the trial court to rule on a motion to dismiss after the briefing period had expired and without the benefit of a response brief from plaintiff).

{¶ 17} Jack LLC's motion for an order granting its unopposed motion to dismiss, filed on February 6, 2025, did not increase the 14-day deadline Macron had to respond as set forth in Civ.R. 6(C)(1). Nor does Macron cite to any authority to the contrary. As such, the trial court had the authority to rule on Jack LLC's motion to dismiss at any point after the 14-day response period expired on January 27, 2025.

{¶ 18} Here, the trial court ruled on Jack LLC's motion to dismiss two weeks after Macron's time to file a response had expired. As such, the trial court did not prematurely rule on Jack LLC's motion to dismiss.

## III. Conclusion

{¶ 19} For the foregoing reasons, the trial court did not err by failing to convert Jack LLC's motion to dismiss to a motion for summary judgment. Thus, the trial court properly ruled on Jack LLC's motion to dismiss after the time for Macron to file its response to the motion had expired.

{¶ 20} Accordingly, Macron's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR